UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-25236-CIV-COHN

ISMAEL ZAMORA POLICARPO,

        Petitioner,

VS.

CHARLES PARRA, et al.,

        Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Ismael Zamora Policarpo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") [DE 1]. The Court has carefully considered the Petition, Respondents' Response to the Court's Order to Show Cause [DE 6], Petitioner's Reply [DE 7], and is otherwise advised in the premises. For the reasons set forth below, the Petition [DE 1] is **GRANTED in part.**

### I.    Background

Petitioner Ismael Zamora Policarpo is a citizen of Mexico who has resided in the United States since approximately 2005. DE 1 ¶¶ 14, 41. On or about September 17, 2025, Petitioner was arrested following a traffic stop and placed in immigration detention. See id. ¶¶ 14, 42. The Department of Homeland Security ("DHS") charged Petitioner with, inter alia, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Id. ¶ 43. DHS commenced removal proceedings against Petitioner under 8 U.S.C. § 1229(a). Id. Those proceedings are ongoing. See DE 7 at 3. Petitioner has not been ordered removed. Id.

Petitioner remains in the physical custody of Respondents at the Krome North Service Processing Center ("Krome") in Miami, Florida. DE 1 ¶ 1. Petitioner has not been given the opportunity to post bond or be released on other conditions. Id. ¶ 45. He now seeks habeas relief, arguing that his continued mandatory detention without a bond determination hearing is unlawful. See id. ¶ 50. His Petition asserts three counts: (1) Violation of the Immigration and Nationality Act ("INA"), (2) Violation of Bond Regulations, and (3) Violation of Due Process under the Fifth Amendment.

## II. Legal Standard

District courts have the authority to grant writs of habeas corpus. See 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." Munaf v. Geren, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. See 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. Discussion

### A. Failure to Exhaust Administrative Remedies

The Court must first address whether the Petition should be dismissed for failure to exhaust administrative remedies. It is well-established that federal courts are courts of limited jurisdiction. The INA provides, in relevant part, that a court can review a final order of removal only if the noncitizen "has exhausted all administrative remedies available to the [noncitizen] as of right." 8 U.S.C. § 1252(d)(1).

Respondents argue that the Court should dismiss this action for failure to exhaust administrative remedies because Petitioner has not requested a bond redetermination hearing, asserted his due process challenge in administrative proceedings, or gone through the administrative appeals process. See DE 6 at 3-4. Petitioner insists that the exhaustion requirement is prudential, not jurisdictional, and "pursuing the administrative relief would be futile" given the Board of Immigration Appeals' ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025). DE 7 at 2. The Court agrees with Petitioner.

To exhaust a claim, a petitioner must raise the "core issue" before the BIA and "set out any discrete arguments he relies on in support of that claim." Jeune v. U.S. Att'y Gen., 810 F.3d 792, 800 (11th Cir. 2016) (citations omitted). However, exhaustion is "not a stringent requirement." Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1297 (11th Cir. 2015). Petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it." McCarthy v. Madigan, 503 U.S. 140, 148 (1992) (citation omitted); see also Linfors v. United States, 673 F.2d 332, 334 (11th Cir. 1982) (explaining generally "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile[.]" (citations omitted)).

Here, requiring Petitioner to exhaust administrative remedies would be futile because the result is predetermined by Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025). In Matter of Yajure Hurtado, the BIA held that a noncitizen who entered the United States without inspection and has resided in the country for years is "seeking admission" under § 1225(b)(2)(A) and consequentially, not entitled to a bond hearing.

See Yajure Hurtado, 29 I&N Dec. at 220 ("Under the plain reading of the INA, we affirm the [IJ's] determination that he did not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings."). The BIA issued Yajure Hurtado as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); see also id. § 1003.1(d)(1). In light of Matter of Yajure Hurtado, other district courts have excused the exhaustion requirement for petitioners who claim their long-term residence in the United States makes them subject to detention under §1226(a). See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr., No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025); Carcamo v. Noem, No. 2:25-CV-00922-SPC-NPM, 2025 WL 3119263, at *3 (M.D. Fla. Nov. 7, 2025); Boffill v. Field Off. Dir., No. 25-CV-25179-JB, 2025 WL 3246868, at *5 (S.D. Fla. Nov. 20, 2025). Under these circumstances, where it is evident the BIA will reject Petitioner's request for a bond hearing or release, the Court finds good cause to excuse Petitioner's failure to exhaust administrative remedies.

  B. Whether Petitioner is Subject to Detention Under 8 U.S.C. § 1226(a) or § 1225(b)(2)

The parties disagree on whether Petitioner is subject to mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a). § 1225 governs the inspection, detention, and removal of applicants for admission. See 8 U.S.C. § 1225 et seq. An applicant for admission is an "[noncitizen] present in the United States who has not been admitted or who arrives in the United States", regardless of whether the noncitizen entered through a designated port of arrival. Id. § 1225(a)(1). Generally, if

4

immigration officers determine a "[noncitizen] seeking admission" is "not clearly and beyond a doubt entitled to be admitted," the noncitizen *shall* be detained for a proceeding under 8 U.S.C. § 1229(a). See id. § 1225(b)(2)(A). Detention under § 1225(b)(2) is therefore mandatory. See Gomes v. Hyde, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025). A noncitizen detained under § 1225(b)(2) may be released only if he is paroled "for urgent humanitarian reasons or significant public benefit." Gomes, 2025 WL 1869299, at *2 (quoting Jennings v. Rodriguez, 583 U.S. 281, 300 (2018)).

On the other hand, § 1226 specifically "authorizes the Government to detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings[.]" Jennings, 583 U.S. at 289 (emphasis added). When a noncitizen is arrested and detained on a warrant issued by the Attorney General, the Attorney General is authorized to continue detaining the noncitizen, release him on a bond of at least $1,500, or release him on conditional parole. 8 U.S.C. § 1226(a)(1)–(2). The statute thus "establishes a discretionary detention framework." Gomes, 2025 WL 1869299, at *2. Importantly, federal regulations confirm that noncitizens detained under § 1226(a) receive bond hearings at the outset of detention. Jennings, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Respondents contend that because Petitioner did not present himself at a port of entry upon his arrival in the United States, he is "seeking admission" and an "applicant for admission" for the purposes of the INA. See DE 6 at 5-6. As such, Respondents argue Petitioner is subject to mandatory detention pursuant to § 1225(b)(2)(A) and ineligible for a bond hearing. Id. Petitioner asserts that, as someone who has resided in

5

the United States for about 20 years, he is not an "applicant for admission" and his detention is governed by § 1226(a), which allows for the release of noncitizens on bond. See DE 7 at 4.

As an initial matter, the Court recognizes that the INA does not define what it means for a noncitizen to be "seeking admission." See generally 8 U.S.C. §§ 1101, 1225 (lacking definition). That phrase is ambiguous in the context of the INA. See Puga, 2025 WL 2938369, at *4.

However, the Supreme Court recently explained that § 1225 "applies primarily to aliens *seeking entry* into the United States." Jennings, 583 U.S. at 297 (emphasis added). In contrast, § 1226 "creates a default rule" that "applies to aliens *already present* in the United States." Id. at 303 (emphasis added). The inclusion of this default rule in § 1226, following the more specific provisions of § 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." Pizarro Reyes v. Raycraft, No. 25-CV-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025).

The government recognized this dichotomy for years until DHS issued guidance to all Immigration and Customs Enforcement ("ICE") employees on July 8, 2025 stating that individuals inadmissible under § 1182(a)(6)(A)(i) are "applicant[s] for admission" subject to detention under § 1225(b)(2)(A) and, therefore, ineligible for a bond hearing. See ICE Memo: Interim Guidance Regarding Detention Authority for Applicants for Admission, AILA Doc. No. 25071607 (July 8, 2025). DHS's guidance is a stark departure from "three decades of consistent statutory interpretation[.]" See Pizarro Reyes, 2025 WL 2609425, at *4. It is also at odds with the INA's legislative history.

Congress recognized "that an alien present in the U.S. has a constitutional liberty interest to remain in the U.S.," H.R. Rep. No. 104-469, pt. 1, at 163 (1996), while "an initial entrant has no liberty (or any other) interest in entering the United States, and thus has no constitutional right to any process in that context." Id. at 165 (citing Knauff v. Shaughnessy, 338 U.S. 537 (1950)).

Ultimately, Respondents' attempt to expand the applicability of § 1225(b)(2) to noncitizens like Petitioner who have resided in the United States for an extensive amount of time is at odds with the plain meaning of the statute, interpretations of other courts analyzing the statute, and its legislative history. This Court, therefore, joins the litany of other courts who have declined to adopt Respondents' interpretation of the statute. See, e.g., Bernal v. Morris, No. 25-CV-25159, DE 7 at 5-10 (S.D. Fla. Nov. 19, 2025) (collecting approximately one hundred district court decisions where Respondents' expansive interpretation of § 1225 is rejected). The Court finds Petitioner is subject to detention under § 1226(a) and entitled to a bond hearing before an immigration judge.

### C. Counts II and III of the Petition for Writ of Habeas Corpus

The Court declines to evaluate the merits of Count II (Violation of the Bond Regulations) because it is an unripe claim contingent on Petitioner not receiving a bond hearing under § 1226(a). See Texas v. United States, 523 U.S. 296, 300 (1998) (explaining a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated or may not occur at all). Instead, the Court will dismiss Count II without prejudice.

The Court also finds evaluating the merits of Count III (Fifth Amendment Due Process Violation) unnecessary at this time, as it is granting the relief Petitioner seeks in Count I. See Puga, 2025 WL 2938369 at *6; Pizarro Reyes, 2025 WL 2609425, at *8; Carcamo, 2025 WL 3119263, at *6; Erazo v. Hardin, No. 2:25-CV-891-KCD-DNF, 2025 WL 3187136, at *2 (M.D. Fla. Nov. 14, 2025). Should Respondents fail to comply with this Order by not providing Petitioner a bond hearing, Petitioner may renew his due process claim. Accordingly, it is

**ORDERED and ADJUDGED** as follows:

1. Petitioner Ismael Zamora Policarpo's Petition for Writ of Habeas Corpus [DE 1] is **GRANTED in part**. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2. **Within twenty-one (21) days** of the date of this Order, Respondents shall file a Notice with this Court confirming that the bond hearing has taken place.

3. Count II and Count III of the Petition are **DISMISSED without prejudice**.

4. The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 22nd day of December, 2025.

*[Signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF